## D. A. Herrin, Jr., v. George F. Bowsher.

1. ERRORS ASSIGNED—*when will not be considered.* When it is apparent that substantial justice has been done, errors assigned will not be considered or determined.

Mechanic's lien proceeding. Appeal from the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

JOHN G. FRIEDMEYER, for appellant.

B. GALLIGAN, for appellee; E. L. CHAPIN, of counsel.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill in chancery by appellee against appellant by which it is sought to enforce a mechanic's lien. The facts involved, briefly stated, are as follows: On September 29, 1902, appellee entered into a contract in writing with appellant by which he undertook to do the carpenter work necessary in the construction of a house on premises owned by appellant, in accordance with certain plans and specifications, for the sum of $253, appellant furnishing the necessary material. The contract further provided that $150 of the contract price was to be paid when the house was ready for plastering and accepted. The work was to be completed on or before December 1, 1902, provided appellant did not delay appellee by not having the material ready. Appellee began the construction of the house October 1, 1902, and at intervals continued the work thereon until June 6, 1903, at which date the building was ready for plastering, and appellant paid to appellee the sum of $150, as agreed. Appellee then ceased work thereon, and failed to complete his contract, by reason of which default appellant was compelled to employ other persons to finish the house at a cost of $145. During the process of construction, appellant caused some changes to be made in the original plans, which necessitated extra work on the part of appellee to the extent of $108. The cause was referred to the master, who reported that the contract price was $253; that complainant had done extra work, the reasonable price of which was $108; that he abandoned his contract, whereby defendant was damaged to the extent of $124, the actual cost of finishing the house; that complainant had received $150 on account of said work and was entitled to a credit of $108 for the extra work performed by him and not included in the original contract; that by reason of the abandonment of said contract on the part of complainant, he was not entitled to receive credit for the

balance of the contract price, amounting to $103. The court sustained exceptions filed by complainant to said report, and found that complainant was not, on account of his abandonment of the premises, entitled to a lien upon the premises, but further found that he was entitled, notwithstanding his default, to receive credit for the balance of the contract price.

Under section 13 of the statute relative to mechanic's liens (Rev. Stat. 1903, 1196), which authorizes a decree notwithstanding no lien is found to exist, a personal decree was thereupon entered against the defendant for the sum of $87 and costs of suit, to reverse which he prosecutes this appeal. The decree of the Circuit Court was right and should be affirmed. By his breach of contract in failing to complete the work, appellee became liable for all damages occasioned thereby. No other damages were shown than the cost of completing the work. In stating the account such cost was credited to appellant. It does not appear that appellant was damaged by the delay occasioned by the breach, and no reason exists why appellee should not be entitled to the balance due him on his contract. The conclusion of the master that because appellee failed to complete the contract, the balance due thereon was forfeited by him as a penalty for his default, was unwarranted. Inasmuch as substantial justice is done by the decree, the other errors assigned become of minor importance and need not be discussed nor determined.

*Affirmed.*